IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE PEREZ,

      Petitioner,                          No. CIV S-11-0001 GGH P

    vs.

JAMES D. HARTLEY,                  ORDER

      Respondent.

_____/

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, having pled no contest in Shasta County Superior Court to a lewd and lascivious act upon a child under fourteen years of age, Cal. Penal Code § 288(a), was sentenced to a state prison term of eight years.[1] Petition, p. 1; Motion to Dismiss (MTD), p. 1, respondent's Lodged Document No. 1, Abstract of Judgment. Petitioner's sole challenge is a claim that his Sixth and Fourteenth Amendment rights were violated when the probation officer failed to inform him of his right to have counsel present at the probation officer's pre-sentencing interview with him. Petition, pp. 4, 11-15. The parties have consented

---

[1] In 2002, petitioner had been placed on formal probation for seven years for the offense of lewd and lascivious acts with a child under 14 years, Cal. Penal Code § 288(a); however, probation was evidently revoked subsequent to the filing of a petition for revocation of probation on December 16, 2004. Respondent's Lodged Document 1, Abstract of Judgment.

to the jurisdiction of the undersigned. See docket # 5 and # 9.

Respondent moves to dismiss the amended petition on grounds of untimeliness. MTD, pp. 1-4.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner does not dispute respondent's representation that petitioner did not file an appeal of his April 5, 2005, judgment/sentence. A notice of appeal must be filed within sixty days of the judgment or order appealed. Cal. Rules of Court, Rule 8.308(a). Because petitioner did not appeal, the judgment became final, pursuant to 28 U.S.C. § 2244(d)(1)(A), sixty days after the judgment was rendered and sentence imposed, the expiration of the time which petitioner had to seek direct review. Because June 4, 2005 was a Saturday, the deadline, under applicable California law, extended the date of finality of judgment to June 6, 2005.[2]  and

---

[2] Cal. Civ. P.Code § 12a(a), states in relevant part, "[i]f the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day that is not a holiday. For purposes

The AEDPA one-year limitation period began to run one day later, on June 7, 2005. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Therefore, absent any applicable tolling, the deadline for filing the instant habeas petition was June 6, 2006. According to respondent, and not disputed by petitioner, petitioner's only state court habeas petition was filed in the California Supreme Court on October 25, 2010, by application of the mailbox rule,[3] more than fours years after expiration of the statute of limitations. MTD, p. 3, Respondent's Lodged Document No. 2. The petition was denied on November 23, 2010, with citation to In re: Robbins, 18 Cal.4th 770, 780 (1998). Respondent's Lodged Document No. 3.

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. However, section 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitations period under section 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Therefore, as respondent observes, petitioner's state court petition cannot toll the running of an already-run statute.

Moreover, respondent points out an additional reason that petitioner's state habeas petition could not provide statutory tolling for the instant petition. MTD, p. 3. Respondent correctly observes that citation to page 780 of the Robbins decision (see infra) signifies that the petition was denied as untimely. Id., citing Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir.

////

---

of this section, 'holiday' means all day on Saturdays ... ."

[3] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)(mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period)

2007)[4]("[w]e therefore conclude that the California Supreme Court's citation to Robbins was a clear ruling that Thorson's petition was untimely"). Thus, as his state court petition was denied on the basis of untimeliness, it was not "properly filed" under § 2244(d). Pace v. DiGuglielmo, 544 U.S. 408, 414, 417, 125 S. Ct. 1807, 1812, 1814 (2005) (holding "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter" for purposes of § 2244(d)(2)." The instant petition, again by application of the mailbox rule, was filed on December 19, 2010. Unless petitioner is entitled to equitable tolling, the petition, filed some four and a half years beyond the statutory deadline, is time-barred.

Equitable Tolling

The Supreme Court last year held "like all 11 Courts of Appeals that have considered the question ... that § 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (the Ninth Circuit case cited in Holland, supra), overruled on other grounds, Calderon v. U. S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123 S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time. "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. at 418, 125 S. Ct. at 1814;

---

[4] The court's "summary order" rejecting the petition "cites the very page of Robbins that sets forth 'the basic analytical framework' governing California's timeliness determinations in habeas corpus proceedings." Thorson v. Palmer, 479 F.3d at 645.

Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition). "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]). A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA] ... lest the exceptions swallow the rule." Id.

Petitioner evidently perceived no need to make any argument for equitable tolling. Rather his argument is based solely on the contention that Congress cannot enact legislation, i.e., AEDPA, which "nullifies" his constitutional rights. Opposition (Opp.), pp. 1-2. However, the Ninth Circuit has long since determined the constitutionality of the statutory limitation period of AEDPA. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) (holding "that AEDPA's one-year limitation does not constitute a per se violation of the Suspension Clause.") Petitioner omits any argument as to why his petition should be found timely, instead making an inapposite argument as to the merits of his claim. Opp., pp. 1-3. Therefore, he has not met his burden or provided any basis for the court to consider the question of equitable tolling. Respondent's motion to dismiss should be granted.

Accordingly, IT IS ORDERED that:

1. Respondent's motion to dismiss this petition as time-barred because it was filed beyond the one-year statute of limitations, filed on March 15, 2011 (docket #10), is granted and this case is closed.

2. A certificate of appealability should not issue in this action.[5]

DATED: October 4, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[5] A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).